No. 36,206

In re Estate of S. P. Dinsmoor, Deceased (ROBERT DINSMOOR, *Appellee,* v. GLENN F. COLLINSWORTH, *Appellant*).

(152 P. 2d 58)

Opinion filed September 30, 1944.

*J. C. Ruppenthal,* of Russell, was on the briefs for the appellant.

*Jerry E. Driscoll* and *Harold W. McCombs,* both of Russell, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from a proceeding originally commenced in the probate court to recover moneys paid to the county treasurer under G. S. 1943 Supp. 59-1508.

One S. P. Dinsmoor, a resident of Russell county, died testate in 1932. Thereafter his will was admitted to probate and his estate was administered in the probate court of that county. The present controversy arose from the following: On November 1, 1941, Robert Dinsmoor filed his petition in the above estate proceeding, alleging, in substance, that under his will S. P. Dinsmoor bequeathed to his son James F. Dinsmoor, the sum of $500, but on the closing of the estate there were insufficient funds to pay specific bequests in full and the amount of the particular bequest was reduced to $146.74; that at the time of closing the estate James F. Dinsmoor could not be found, and on August 7, 1941, pursuant to order of the probate court, the executor paid the said sum of $146.74 to the county treasurer, as provided by G. S. 1939 Supp. 59-1508. It was further alleged in the petition that James F. Dinsmoor was born in July, 1873, and was married but once and then to Helen Matli, and as a result of the marriage one child was born, namely Robert Dinsmoor, the petitioner, and that James F. Dinsmoor never had any other children, either legitimate, illegitimate, adopted or otherwise; that in 1918 petitioner's mother obtained a divorce from James F. Dinsmoor, and shortly thereafter James F. Dinsmoor disappeared; that the persons most likely to have heard from him were his mother and his sister, and they heard nothing further than for a few months the sister received newspaper clippings in envelopes addressed in his hand-writing, but that nothing had been heard since. Then follow allegations about efforts made to find James F. Dinsmoor. Petitioner alleged that he was the sole and only heir of James F. Dinsmoor, who by reason of his unexplained absence was presumed to be dead, and that petitioner was entitled to the share of the estate of S. P. Dinsmoor deceased, to which James F. Dinsmoor would have been entitled had he been living at the time of the closing of said estate. Petitioner prayed for an order directing the county treasurer to pay the above-mentioned sum of $146.74 to him.

The abstract does not disclose in any detail what transpired in the probate court, but from statements made in the abstract and brief we conclude the probate court held it was without jurisdiction and denied the relief prayed for. The petitioner Robert Dinsmoor appealed to the district court.

In the district court Glenn F. Collinsworth obtained leave to intervene and filed a petition in which he alleged he was a son of James F. Dinsmoor, and that if the probate court or the district court on

appeal may make a finding as to the death of James F. Dinsmoor or as to his estate as an absentee or otherwise or as to the said sum of $146.74, then the court should adjudge Collinsworth to be the son and heir of James F. Dinsmoor and entitled to said sum.

Both the petitioner Robert Dinsmoor and the intervenor Collinsworth requested the district court to determine the question of jurisdiction in advance of the trial, and it did so, holding that both parties were entitled to assert their claims, and that the probate court and the district court on appeal had jurisdiction to determine the rights of the parties, and it ruled accordingly.

From that ruling Collinsworth appeals to this court.

The gist of appellant's contentions is that the probate court has no jurisdiction to determine descent or distribution of property without proof of death of the owner; that it may not assume an heir or beneficiary is dead because he has been missing or absent for seven years or longer, and that adjudication of absence and presumption of death of the absentee is committed exclusively to the district court by the Laws of 1939, chapter 234, appearing as G. S. 1943 Supp. 60-4001 to 60-4026, and no jurisdiction remains in the probate court, and that the district court erred in holding the probate court has jurisdiction to entertain a petition by one claiming to be an heir of an absent and missing distributee to recover moneys paid to the county treasurer under G. S. 1943 Supp. 59-1508, and in itself assuming to hear an appeal from the probate court.

Before discussing these contentions we note that there is no contention that proper parties were not before the probate court or the district court nor that sufficient notice or service was not given or made.

Our probate code contains provisions for final accounting and for distribution of the assets of deceased persons to those found to be entitled thereto. The present controversy grows primarily out of a provision of that code for the disposition of unclaimed money, and for our purposes that provision, appearing as G. S. 1943 Supp. 59-1508, reads as follows:

"If any part of the money on hand has not been paid over because the person entitled thereto cannot be found . . . the court may order the executor or administrator to deposit the same with the county treasurer for the benefit of the common schools of the county. . . . Upon application to the probate court within ten years after such deposit, . . . the court may order the county treasurer to pay the same to the person entitled thereto. . . ."

Since territorial days our statutes have contained provisions similar to the statute quoted above. A review of them was made in *Ruppenthal v. Maag,* 153 Kan. 588, 591, 113 P. 2d 101, to which reference is made.

The above quoted statute expressly provides the method for the recovery of moneys deposited with the county treasurer, and that such moneys shall be repaid "to the person entitled thereto." The very language indicates the payment may be made to someone other than the person originally entitled to the sum deposited, and who could not be found when the deposit was ordered. Of course, the absent distributee might return and recover his due, or he might assign his right; he might die and his executor or administrator, or in a proper case his heir, might recover. We need not pursue this phase further. Jurisdiction is expressly conferred on the probate court to entertain a petition by one asserting he is entitled to the fund deposited, and that jurisdiction may not be denied because of any anticipated failure of his proof that he is so entitled.

Appellant contends that the enactment of the Laws of 1939, chapter 234, appearing as G. S. 1943 Supp. 60-4001 to 60-4026, vested the jurisdiction of estates of persons absent and unheard of in the district court, and ousted the probate court of jurisdiction in such a case as is now before us. A similar contention was considered and denied in *Ruppenthal v. Maag,* supra. While the plaintiff in that case had been appointed as conservator, the factual situation was quite like that revealed in the petition filed in the instant case. Essentially the only difference is that in the Maag case the deposit was made before the present probate code was enacted, while in the instant case it was made later. The history of provisions for deposit of moneys due to an absent heir, and for their recovery, as set forth in the Maag case, shows that the present case may not, in principle, be distinguished from the case there considered. Appellant's contention that the Maag case was one for a writ of mandamus, and that in the discussion of that case what was said concerning recovery of deposited funds was in the nature of *obiter dictum,* is not good. It is true that proceeding was in mandamus, but the essential question decided was that G. S. 1943 Supp. 60-4001 to 60-4026, had no application to a case where moneys originally due to an absent heir, had been deposited with the county treasurer.

The ruling of the trial court is affirmed.

Wedell, Hoch and Parker, JJ. (concurring in part and dissenting in part): We concur in paragraph 2 of the syllabus and in the corresponding portion of the opinion, and also in the view that original jurisdiction of the instant action was *exclusively* in the probate court. Starting from that premise we think the court reaches an inconsistent and illogical result when it permits jurisdiction of the action upon the merits to be exercised in the first instance by the district court. The probate court held that it had no jurisdiction and the appeal was solely from that holding. There was no judgment or order of any kind upon the merits in the probate court. Whatever our individual views may be with reference to jurisdiction of the district court in varying situations where appeal is taken from some determination on the merits by the probate court, we do not think that the probate court can lose its exclusive original jurisdiction simply by holding that it is without jurisdiction. The case should be sent back to the probate court where original jurisdiction exclusively lies.